IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORETTA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 05-628-GPM |
| | ) |
| MERCK & CO., INC., STEELEVILLE PHARMACY, and MEDCO HEALTH SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This case was remanded to the Twentieth Judicial Circuit Court, St. Clair County, Illinois, on October 21, 2005. The Court found Plaintiff entitled to recover her costs in seeking remand to state court under *Garbie v. DaimlerChrysler Corporation*, 211 F.3d 407 (7th Cir. 2000), and ordered Plaintiff's counsel to file an affidavit setting forth the fees and costs incurred as a result of the removal on or before November 7, 2005. On November 7th, Plaintiff's counsel filed a motion for attorney fees, seeking $1,820.00. Merck & Co., Inc. (Merck) filed a response on November 8th stating that, while it still believes that an award of fees and costs is inappropriate in this case, it specifically objects to Plaintiff's submission of $220.00 for time spent responding to Merck's motion to stay, as it is not directly related to the remand.

On December 7, 2005, the United States Supreme Court decided *Martin v. Franklin Capital Corporation*, 126 S. Ct. 704, 708 (2005), which rejected the Seventh Circuit's standard that plaintiffs are presumptively entitled to an award of fees and held that "absent unusual circumstances,

attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Notably, in its opposition to the remand motion, Merck objected to the imposition of a fee award based on the fact that the Supreme Court would be deciding the *Martin* case (*see* Doc. 15, p. 15 n.4).

Having fully considered this matter, the Court finds that in light of the different approaches taken by the various courts around the country to be confronted with these Vioxx cases, Merck had an objectively reasonable basis for seeking removal of this action. Therefore, an award of fees and costs under 28 U.S.C. § 1447(c) is not appropriate. *Martin*, 126 S. Ct. at 711. Plaintiff's motion for attorney fees (Doc. 20) is **DENIED**. That part of the October 21st Memorandum and Order awarding Plaintiff her fees and costs in seeking remand is **VACATED**.

**IT IS SO ORDERED.**

DATED: 01/27/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge